The next case is Roscoe Bonner v. Department of Veterans Affairs, 16-1589. Mr. Sheng. Good morning, Your Honors, and may it please the Court. This case is about what it means for the Secretary to make the reasonable efforts he is statutorily required to make under subsequent section A. What subsection A says, Your Honors, is that the Secretary shall make reasonable efforts to assist a veteran obtain evidence. And the only exception to that requirement is where no reasonable possibility exists that such assistance would aid the veteran. Aren't these fact questions? No, Your Honor. The failure to consider the reasonableness, the reasonable standard, the reasonable efforts of the Secretary is a legal question. Your Honor, the Veterans Court failed to even consider the reasonableness of the Secretary's efforts. The Veterans Court stated that the Secretary was not statutorily mandated to make any further efforts on behalf of Mr. Bonner, and the Veterans Court failed to consider subsection A's requirement that the Secretary make reasonable efforts to assist Mr. Bonner. So you keep referring to subsection A. Subsection A of what precisely? Subsection A1, Your Honor. Of what? A statute, a regulation? Can you give us? Yes, 38 U.S.C. Section 5103, capital A, little a. I apologize, Your Honor. But subsection A says of section 5103, capital A, is that the Secretary shall make reasonable efforts to assist a veteran obtain evidence. And the Veterans Court failed to consider that question. And in this case, the VA's efforts, the Secretary's efforts in this case were remarkably unreasonable. The VA understood that Mr. Bonner's records, which date back to 1975, could have been moved to archives, could have been placed in a storage at another location. But if you look further, as I know you being fact, it seems as though it was met here, because they thoroughly looked and found that there was nothing during that 20-year period. Let me respond to that question by making two points, Judge Lurie. The first point, Your Honor, is that there was no finding by the Veterans Court that further efforts to obtain these records would have been futile. Now, we've argued in and I won't spend time re-arguing these points here. The Veterans Court did make a statement that Mr. Bonner had failed to persuade the court that he was right. And we've argued in our briefs that that was insufficient as a matter of law. But the point that I want to emphasize, Your Honor, is that a finding of futility based on an erroneous interpretation of what reasonable efforts are, or in this case, a failure to consider reasonable efforts under subsection A, can't stand. You can't have a finding of futility here when up here there were no reasonable efforts. Does that address your question, Judge Lurie? I do. What do you understand to be the difference between no reasonable possibility exists that such assistance would aid in substantiating the claim and is there distance between those two verbal formulations? I don't think there is a distinction. I think they would be the same. But again, going back to Judge Lurie's question is that there wasn't a finding of futility in this case. But again, even if there was, even assuming that there was a finding of futility here, a finding of futility based on a failure to consider whether or not the VA's efforts were reasonable, can't stand. And the VA's efforts here were unreasonable. 20 years. But we can't review that. We can't review whether their efforts were unreasonable. That's a fact question. Right, Your Honor. I agree with you. They were unreasonable. An employee saying this is all I can find once doesn't seem like enough to me. But I don't get to make that see fit to let me review fact findings. And you agree that is a fact finding. Respectfully, again, this goes back to Judge Lurie's question. There wasn't a finding of futility. There's no finding of futility in the opinion as I read it, respectfully. I'm sorry, in which opinion? In the Veterans Court's opinion. It doesn't make findings. That would be a fact question for the the sufficiency of the efforts to get the records. I believe so. And I apologize if I misspoke. The Veterans Court didn't really address that issue. Didn't address the issue. Sure they did. On page look, I mean, what am I reviewing? Am I not in the right opinion? Let's see. The opinion that you attach to the back of your brief. Yeah, then this is the Veterans Court opinion. Judge Mormon, right? He's the Veterans Court judge. Look on page six. They discuss the reasonableness requirement at the top. They discuss futility at the bottom of page six. Then on page seven, the author of the memorandum, that's the VAMC employee that said they couldn't find anything else. The author of the memorandum noted that these records were unavailable for review and that all other efforts to obtain them would be futile. That's a statement in the opinion. That's not a quote. That's not somebody argued. How is that not a determination by the Veterans Court? Judge Moore. You just said they didn't even address it. I certainly think you're wrong there. They clearly addressed it. I don't know what to make of that. Judge Moore, I apologize if maybe I misunderstood the question. But I think that, again, a finding of futility, Your Honor, and our position is a finding of futility that is based on a failure to consider the reasonableness standard under subsection A is an error of law. There was no application of any reasonableness test. There was no discussion of the reasonableness standard. Whether these efforts here met what a person in that position would have done, a reasonable person in that position would have done, and therefore, Your Honor, a finding of futility based... Well, can I just try to, I guess, break apart what I think are several different pieces of the argument. One is a point about the insufficiency of the Veterans Court's explanation or reason. Another is a point about the incorrect legal standard that the Veterans Court, you say, maybe adopted in reviewing the board. And a third is whether under the correct legal standard, findings were improper or incorrect in applying that standard. And the problem is, the last piece of it we can't review. The second piece, the legal standard, the Veterans Court appears to have articulated correctly. And going back in order, the first piece, I'm not sure what authority there is that says the Veterans Court has some sort of explanatory obligation like a APA agency. To articulate its reasoning and opinion? Yes. Your Honor, I agree that the Veterans Court can't be expected to explain every single issue in a case. And here it quoted the relevant standards. It focused on what I think maybe we're actually in an agreement on is that futility or some verbal formulation that amounts to futility is the right legal standard. And what seems to be left, therefore, is the application of that standard to these facts. And that's not something we get to look at. Well, Your Honor, the recitation of the facts, the recitation of the law, that was in the opinion. But absent in the opinion was any analysis, any explanation. But now we're back to kind of APA state farmland or something, right? Where you might be able to, we often do, courts of appeals do often fault agencies for not having laid out their reasoning because the APA requires that as interpreted. But we don't have an obligation to explain like that here. Thank you, Judge Toronto. As we explained in our briefs, there are several reasons why we disagree with the Veterans Court being able to do that. One is that, as we pointed out, the Veterans Court has its own rules, its own regulations as to when it can summarily affirm a case. And those are when the issues are not simple. And those are when the issues are not debatable. And respectfully, this case doesn't fall in that bucket. As Judge Moore alluded to earlier, the efforts here were unreasonable. We don't know, standing here today, whether or not Mr. Bonner's records are in archives. But wouldn't that, if you sort of switch away now, so now there's a different legal rule, you say, a board, not a board, a Veterans Court internal rule about when it writes opinions. I don't know that we would get to enforce that. But if we did, I think what you just said is the problem was that, as applied here, that rule really shouldn't have justified, required more explanation than the Veterans Court did. But isn't that still in the application of law-to-fact bucket that we're not allowed to touch? I respectfully disagree, Judge Toronto. This court needs some basis to be able to review the Veterans Court's legal determinations. And in this case, the Veterans Court's one-sentence statement that Mr. Bonner failed to persuade the court that he deserved service connection is respectfully insufficient. It doesn't give this court the ability to review the court's legal determinations. Do you want to make a brief comment on your second issue notice before your time runs out? Yes, Your Honor. Yes, Judge Lurie. In the brief time I have remaining, I'll turn to the natural effects doctrine. And I will just emphasize that the natural effects doctrine is a case-by-case factual inquiry. And in this case, where Mr. Bonner's case went up and down the appeals process from the R.O. to the board multiple times due to VA errors, insufficient medical opinions, conflicting evidence in the medical records. This is conflicting evidence without the benefit of the 20 years of medical records. It was remanded three times from the board, once from the Veterans Court. There was a memorandum to the ratings board giving everybody constructive notice that the VA had done everything it could to assist Mr. Bonner when, in fact, that wasn't the case. And so, in this case, Your Honors, respectfully, the natural effects doctrine should apply. Mr. Bonner should not have borne the burden to show prejudice. When did you and your client and whoever see for the first time that 2008 formal finding document? It was, I believe, it was 2014. Prior counsel raised the issue for the first time in 2014 before the Veterans Court. Natural effect of Einstein's laws as the time marches forward. We'll save your rebuttal time. Thank you. Mr. Hellman. Please proceed. Good morning, Your Honors, and may it please the court. The legal question, to the extent that one is presented here, is whether the VA was statutorily mandated to make a follow-up request when obtaining evidence from a federal agency. Mr. Bonner argues that it was. The statute indicates that it was not. There's this 38 U.S.C. 5103 A that talks about the efforts to obtain records from either private entity or from a government agency or department. And both those subsections contain a futility exception that when. Who is the person who decides, because I know it's not me, but who's the person who decides whether or not reasonable efforts were undertaken to obtain medical records? Who decides that? Your Honor, the VA makes that determination as it did in its formal finding of unavailability, and the Veterans Court reviews that determination for clear error. And if all the VA did was ask one time for the records, and suppose that they didn't even get a little note that said, this is all I can find. Suppose they just got some records back, but the veterans said, no, no, no, I've got records going back to 1975. I've had this kidney condition all along. I've been to many VA doctors. That clearly wouldn't have been reasonable behavior. That's not what happened in this case, but that would not be reasonable behavior. Whose duty is it to make that decision and also to make the decision of whether it was futile? Isn't that supposed to happen at the board level? The VA makes the decision because they're the ones making the request and getting the info. So shouldn't they make a decision about whether or not reasonable efforts were undertaken and whether or not it would be futile to undertake further efforts? Right? That's correct, Your Honor. Yes. And then that would be reviewed by the Veterans Court. Okay. So where, and in this case, I agree that the Veterans Court seems to address some of these concepts, but where precisely did the board address them? Show me where that appears. Show me, because what I just understood you to say is, yes, the board in the first instance should decide, A, whether reasonable efforts were made, and B, whether it would be futile for there to be additional efforts made. So where did the board do that? Your Honor, I'd like to just clarify. My position is that the VA makes that determination. Here, the VA had initially a formal finding of unavailability. Where? Show me where in the record. In the record, this is at Appendix 1436. There's a memorandum that is titled, Formal Finding of Unavailability of Milwaukee VMAC Records from 1975 to 1995. The VA described the steps it took to obtain these records, including the efforts directed to the medical center itself, the note that came back, and there's also on the next page of the summary of the phone call with the veteran where it asked whether he received treatment elsewhere. He indicated that he did not, that this was the only medical center that he received treatment. Based on that, the agency made the determination that the records were unavailable. The board then, this is on a... Wait, so the agency decided they were unbearable. Where is this mysterious note I hear about in the Veterans Court? This is I can find. Your Honor, the note is at Appendix 1587. 1587. The handwritten note is on top of the request form. This is a Form 7131 that the VA uses for obtaining records from its medical center. It's a formalized process that the request went to the VA. It described the steps that it wanted the medical center to take. The medical center did, as Your Honor points out, provide records and this handwritten note on top that says... This is everything I can find. This is all I can find. So what happens is, so this was the request and the return from the first and only request that ever took place. Is that right? Yes, that's correct, Your Honor. So this is it. The only thing that ever happened was there was this request sent and what was sent back was this is everything I can find and they attached some medical records. They attached over a hundred pages of medical records. Okay. And then what happened next was the VA then made a determination, which is on page 1436, that the records were unavailable for review. That's correct, Your Honor, but I would note that the VA prior to doing that also called the veteran and this is at 1437 and it asked whether the veteran had been treated at facilities and he said no. If he had been treated at other facilities, I suspect the VA would have reached out to those facilities as well. But he did say he was treated at this facility between 1975 and 1995, correct? He did, yes. Okay. So how do we know... How did the VA come to the conclusion that the records were unavailable? You have one person who said in a handwritten note, this is all I could find. We have no idea what that person actually did before they decided this was all they could find and no warehouses or other sites were consulted as far as we know in this record. So how exactly does the VA make a decision at this point that the records are unavailable based on one guy's handwritten note that this is all I can find when we have no clue what that person did or didn't do to look for the records? Your Honor, first I would note that that's a factual determination that this court doesn't have jurisdiction to review. But to answer your question, the request was fairly specific and described the steps that the medical center employee to take. I think we can presume based on the presumption of regularity that the government employee performed the steps and there's nothing in the record to indicate otherwise. Well, but the statute actually has two different things, right? Make all reasonable efforts when the records are maintained by the government. And the same statute says, and you have to request stuff at least twice if they're not maintained by the government, right? That's not exactly correct, Your Honor. It says you have to make a follow-up request unless you know, unless the first request indicates that further follow-up would be futile. So even in the case of private medical records, you don't have to make two requests. Okay. So, but if, so unless they indicate follow-up, is there some finding somewhere of futility that was made in this case? Where is that finding? Well, this is 1436. I'm there. Where does it say it? It's a formal finding of unavailability and it says all efforts exhausted. Paragraph 3C, Your Honor, says, and then paragraph two says, all efforts to obtain the needed information have been exhausted and further attempts are futile. Okay. So do you feel good about that? Because I don't feel good about that. All they got back was a handwritten note by a mysterious person that says, this is all I could do. Do you find something? And they come back without it. And, oh, forget my children, my husband. Oh my gosh, this is a chronic problem. My coat's not in the closet. Here's your coat. There's certainly a presumption of regularity with respect to her husband. I would appreciate your defense of him. Your Honor, I think the answer is that this is not on review here. If the veteran's court disagrees- That's not the answer I want from you. What I want to know from you is how happy are you, because I'm not at all happy with the idea that they rubber stamped a determination, it was futile, based on no follow-up, no actual verbal communications with the individual who said, this is all I can find. And just a handwritten note, when we're talking about records going back so many decades, they could easily be stored off site or whatever. And the request didn't ask him to look at that. It did, Your Honor. It said, if clinical file had been transferred, please provide the location of the clinical file. Please retrieve from the archives. And did he say, wait, but he said, this is all I can find. He said, this is everything I could find. And he provided records. Under the presumption of regularity, if he, we presume he was doing his job, he would have provided information as to where they were transferred. You know what? My law clerks would love this rule. I asked them to go research something. They come back with one item. And from now on, I'm just going to assume it would be futile to think there's anything else out there. Wouldn't you all like that sort of ruling, right? I mean, you know, the one thing they give me means it must be futile to believe there's anything else out there. Your Honor, the rule, I think, is intended to ensure that the VA gets a response back from the agency. And you can see this in the legislative history with respect to the private record request. The follow-up is... I clearly read the statute as hoping that our government will do a better job of ascertaining the records of our medical records of our veterans. I actually think when they say make all reasonable efforts, I think that they were asking you to do more than what they do with the private people. Why? Because our government should do more for these people, especially when the only care they received was from the government itself. Probably because this guy couldn't afford to go to a private doctor and he had VA medical insurance. So the way I read the statute is they wanted more out of the government because you know what? We owe it to them because they're veterans. And so you didn't even make two requests and then you jump to a conclusion that it was futile because somebody put a handwritten note on it. I mean, I feel like my nine-year-old could have done this. Your Honor... I have no more confidence in it than I would her search of the house to look for something. There's no magic number though in the statute. There is a magic number in the statute for the private sector. At least two. It's not at least two. It's at least two unless it would be futile. And here the agency did make that determination. The second response that would come back would have been... Based on one look, they decided it would be futile. Wow. Can I just ask, which may or may not be relevant to this question, but we're talking about records from 75 to 95 and service that was 25 years or 22 years before the 1975. Does any of the specific analysis of the condition and its origins and whatnot bear on a question like, would evidence of the condition in 1975 alter a conclusion about its origin in 1951 to 53? Yes. Two points to you, Your Honor. First, the... Your answer to him has got to be yes. Yes. Yes, Your Honor. It would have mattered because the board decision itself expressly says that at page 12 of the decision, which is A23 of the board's decision, where they explain how because this was diagnosed a full 50 years later for the first time because they're... And they actually say because there how that made a difference and disconnected the disease in a long period of time from service. So I would think your answer to Judge Toronto would have to be yes, it could have mattered here. No, my answer to Judge Toronto is that the records... His condition that he was seeking service connection for was a secondary. He was seeking a claim for a kidney condition. He was diagnosed in service with prostatitis, which is a prostate condition. The two are unrelated. And there's medical examiner findings on that that nobody disputes at 961 that says, chronic prostatitis does not cause or aggravate chronic kidney disease. It is most often a localized infection of the prostate. So his records going back to his prostate condition would have no bearing on his current kidney claim. Another point, Your Honor. Except that, wait, the board says, while a veteran is competent to testify to the symptoms experienced during military service, he's not competent to link this current disability diagnosed 50 years after separation from active duty to the prostatitis. So wait, if there were service records in 75 that showed this kidney problem, not just prostatitis, then it wouldn't be this 50-year leap between the prostatitis and the kidney problem, right? It would be a 20-year leap. It would be a 20-year leap, but he doesn't have service... He was not in service during that time. Yes, but the point I'm making is that the board stressed how long there was between his service and the development of this disease. And that was clearly a factor that mattered to them in their decision making if those medical records exist and demonstrated that he actually had this disease 30 years earlier. And it wasn't quite as long. 20 years is still long, but I don't know. I'm not a doctor. Maybe it would make a difference. Sure. But the other point on that, Your Honor, is that their medical records from 1997 and 2003 showing that his levels with respect to this disease were normal. His tests, I think, only showed this disease in 2003. So prior to that, through the records that we do have available, showed that he did not have an indication. You showed me in the record where the VA made a decision of futility. Absolutely, I see where they are. But the board didn't. Nothing in the board's decision shows futility. The word futility doesn't appear in the board's decision. Does not appear. I mean, I board searched, so I think you can trust me on this one. So there's no fact finding by the board about futility. Then we have the Veterans Court, what I feel like pretty heavily relying on this notion of futility. Does the Veterans Court get to do that when the board itself didn't make its decision on that basis? Well, the board said that no further assistance is required. And there is the memorandum. I think the Veterans Court is committed to relying on that. If you read the board's decision as making a futility determination, please show me where in the decision you think they made that. In two places, Your Honor. And I agree that it doesn't use the word futility. But on page four of the board decision, Appendix 15, it says VA obtained the Veterans Service Records and Personnel Service Treatment and Personnel Records. And then on the following page, and it's sort of summing up this section on the duty to assist, it says no further notice or assistance to the veteran is required to fulfill its duty. No further notice or assistance is required? How does that say it would have been futile to have done any? That says I don't have to do anything more. Not that it would have been futile to not do anything more. In conjunction with the formal finding of unavailability, the... Where do they say that? Where do they talk about the formal finding of unavailability in the board decision and rely on it? The board decision does not expressly mention it. The Veterans Court relies on it. So tell me, I know I can't touch fact findings, I get that. But tell me, the board did not, in my view, anywhere in it, make a finding either of unavailability or of futility. They just say reasonable efforts were made. That's all they say. So if that's my view of the board opinion, is it appropriate from a legal standpoint for the Veterans Court to make fact findings in the first instance of futility, even if the record otherwise supports them based on the memorandum at page 1436? Is it appropriate for the Veterans Court to make such a determination in the first instance when the board never did? Is Your Honor asking whether... Does the Veterans Court have a right to make that sort of fact finding in the absence of the board having made it? The Veterans Court reviews the board decision for clear error. If there's evidence that was before the agency that the agency made this factual finding, I don't know to what extent they would have to explicitly call it out in its opinion. The court is entitled to rely on the facts that were before the agency, such as the formal finding of unavailability. And I note that I'm over my time, Your Honor. Thank you, Mr. Hellman. Mr. Schenck has no more than two minutes. I bet you're very happy to see that red light today. Your Honor, unless the court has any further questions for me, I will concede the time. No one ever loses a case for not using all their time. I think we'll take the case under advisement.